UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

NIGEL TOMLIN,

          Plaintiff,

  -against-

CITY OF NEW YORK, GARY LEITE, Individually,
KENNETH GREENE, Individually, STEPHEN FURNO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

          Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

17 CV 1665
(FB) (RML)

<u>Jury Trial Demanded</u>

  Plaintiff NIGEL TOMLIN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

  2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

  4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff NIGEL TOMLIN is a twenty-nine-year-old African American resident of Richmond County, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants GARY LEITE, KENNETH GREENE, STEPHEN FURNO, and JOHN and JANE DOE 2 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On March 25, 2014, beginning at approximately 12:30 p.m., going into the early morning hours of March 26, 2014, plaintiff was unreasonably restrained in overtight handcuffs for an extended period of time, causing plaintiff to sustain painful and possibly permanent injuries.

13.     In particular, on March 25, 2014 plaintiff was arrested by defendants GARY LEITE and KENNETH GREENE.

14.     During his arrest, defendant LEITE placed overtight handcuffs on plaintiff's wrists.

15.     Plaintiff informed LEITE and GREENE that the handcuffs were tight and painful at the scene of his arrest.

16.     Neither LEITE nor GREENE took any steps to loosen plaintiff's handcuffs and instead placed plaintiff in their police vehicle.

17.     Defendants LEITE and GREENE transported plaintiff from the scene of his arrest to the 121st Precinct.

18.     Once at the 121st Precinct, plaintiff was removed from defendants' vehicle and transferred to a police van by defendant LEITE.

19.     During the transfer, LEITE ordered plaintiff to enter the police van and to sit in the last row of seats.

20.     Before plaintiff entered and was secured in the van, he again informed LEITE that the handcuffs were too tight and asked that they be loosened.

21.     LEITE refused to loosen the handcuffs and instead secured plaintiff in the van with a seat belt and the overtight handcuffs still in place.

22. Thereafter, while still secured in the overtight and painful handcuffs, plaintiff was driven around for approximately seven hours by defendant officers, including, upon information and belief, STEPHEN FURNO and JOHN DOE 2, the operators of the van.

23. Plaintiff complained to the defendant officers, including STEPHEN FURNO and JOHN DOE 2, and again asked that the handcuffs be loosened. His complaints were ignored.

24. Eventually, plaintiff was returned to the 121 precinct, his handcuffs were removed, and he was released from custody with a desk appearance ticket issued by defendant LEITE on March 26, 2014, at approximately 1:30 a.m.

25. As a result of being subjected to prolonged overtight handcuffing, plaintiff sustained a compression injury to his right hand, requiring extensive medical treatment, including a surgical procedure, and resulting in ongoing *sequelae*.

26. Defendants LEITE, GREENE, STEPHEN FURNO, and JOHN DOE 2 owed a duty to plaintiff to ensure his safety in their custody.

27. Defendants LEITE, GREENE, and JOHN DOE 2 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of improper application of handcuffs and failure to train its police officers in the proper application of handcuffs.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from improper handcuffing claims and lawsuits that have been filed against it, that many NYPD officers are insufficiently trained with regard to safe and proper handcuffing of

prisoners and/or that many NYPD officers engage in improper handcuffing of prisoners.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in injuries to prisoners and deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff NIGEL TOMLIN sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force via 42 U.S.C. §1983 against Defendants Leite, Greene, Furno and John Doe 2)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The level of force employed by defendants LEITE, GREENE, FURNO, and JOHN DOE 2, was excessive, objectively unreasonable and otherwise in violation of plaintiff NIGEL TOMLIN'S constitutional rights.

35. As a result of the aforementioned conduct of the aforementioned defendants, plaintiff NIGEL TOMLIN was subjected to excessive force and sustained serious physical injuries and emotional distress.

36. As a result of the foregoing, plaintiff NIGEL TOMLIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(<u>Failure to Intervene via 42 U.S.C. §1983 against Defendants Greene, Furno, and John Doe 2</u>)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants GREENE, FURNO and JOHN DOE 2 had an affirmative duty to intervene on behalf of plaintiff NIGEL TOMLIN, whose constitutional rights were being violated in their presence by other officers.

39. Defendants GREENE, FURNO, and JOHN DOE 2 failed to intervene to prevent the unlawful conduct described herein.

40. As a result of the foregoing, plaintiff NIGEL TOMLIN was subjected to excessive force and he sustained injuries as a result.

41. As a result of the foregoing, plaintiff NIGEL TOMLIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(<u>Municipal Liability via 42 U.S.C. § 1983 against Defendant City of New York</u>)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The City of New York engaged in a policy, custom or practice of improperly securing and transporting prisoners and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff NIGEL TOMLIN'S rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NIGEL TOMLIN.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NIGEL TOMLIN as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff NIGEL TOMLIN as alleged herein.

48. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff NIGEL TOMLIN was subjected to needless physical abuse and caused to suffer emotional distress.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NIGEL TOMLIN'S constitutional

rights.

50. All of the foregoing acts by defendants deprived plaintiff NIGEL TOMLIN of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force; and

    B. To be free from the failure to intervene.

51. As a result of the foregoing, plaintiff NIGEL TOMLIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff NIGEL TOMLIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       September 22, 2017

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff NIGEL TOMLIN
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

                              By:   _s/ Brett Klein_____
                                       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

NIGEL TOMLIN,

                                      Plaintiff,         17 CV 1665
                                                                (FB) (RML)

      -against-

CITY OF NEW YORK, GARY LEITE, Individually,
KENNETH GREENE, Individually, STEPHEN FURNO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                      Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132